UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 10, 2012

LETTER TO COUNSEL:

     RE:    *Joanne M. Severn v. Michael J. Astrue, Commissioner, Social Security Administration*; Civil No. SAG-11-1365

Dear Counsel:

On May 19, 2011, the Plaintiff, Joanne M. Severn, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") (ECF No. 1). I have considered the parties' cross-motions for summary judgment (ECF Nos. 13, 19, 20). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

Ms. Severn filed her claim on August 25, 2007, alleging disability due to panic disorder and chronic anxiety/depression. (Tr. 129-132). She alleged that she became disabled on July 1, 2007. (Tr. 129). Her claim was denied initially on December 28, 2007, and on reconsideration on May 29, 2008. (Tr. 60, 61). A hearing was held on August 24, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 15-58). Following the hearing, the ALJ determined that Ms. Severn had not been disabled at any time from the date that the application was filed. (Tr. 71). The Appeals Council denied Ms. Severn's request for review (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ determined that Ms. Severn retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following non exertional limitations: she is limited to performing routine, repetitive, unskilled tasks with little interaction with coworkers and the public." (Tr. 68). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Severn can perform jobs that exist in significant numbers in the national economy, and that she is not therefore disabled. (Tr. 70-71).

*Joanne M. Severn v. Michael J. Astrue, Commissioner, Social Security Administration*
Civil No. SAG-11-1365
July 10, 2012
Page 2

Ms. Severn presents two substantive arguments on appeal. First, she argues that the ALJ failed to follow the special technique for evaluating mental impairments. Second, she contends that the ALJ afforded insufficient weight to the opinion of her treating physician, Dr. Sanikop. Because the ALJ's opinion is deficient in its explanation of the rationale for the conclusions reached, the case will be remanded for further proceedings. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Severn was ineligible for SSI was correct or incorrect. The extremely limited explanation the ALJ provided simply does not permit adequate review.

The ALJ determined that Ms. Severn has medically determinable mental impairments, and that those impairments are severe. (Tr. 67). The ALJ's opinion outlines the special technique for the evaluation of mental impairments prescribed by 20 C.F.R. § 416.920a. As required, the ALJ made findings about the degree of limitation in each of four functional areas. (Tr. 67-68). However, the ALJ failed to cite to any evidence used in reaching his conclusions about those degrees of limitation. For each functional area, the ALJ simply set forth one conclusory sentence, without providing any citation to the medical evidence of record. (Tr. 67-68). The Court cannot speculate as to what facts may have been material to the outcome. *Cook v. Heckler,* 783 F.2d 1168, 1173 (4th Cir. 1986).[1]

Similarly, the ALJ did not provide sufficient explanation to permit review of his determination that Dr. Sanikop's opinion should not be afforded controlling weight. The ALJ's opinion evidences some confusion about the fact that Dr. Sanikop works at Key Point Health Services and was, in fact, Ms. Severn's treating physician. (Tr. 69). Without making any express assignment of weight to Dr. Sanikop's opinion, the ALJ decides that "these findings are not supported by treating notes from Key Point Health Services." *Id.* Also, while apparently either rejecting or affording little weight to Dr. Sanikop's opinion, the ALJ stated, "great weight is given to the records from Key Point Health Services, the only medical evidence offered from a consistent treating source." *Id.*

The Commissioner's brief addresses many reasons why Dr. Sanikop's opinion might have been rejected by the ALJ, including Ms. Severn's testimony about her relatively extensive activities of daily living (*Id.* at 17, 19), the contradictory opinion of the state psychologist upon review of the records from Key Point Health Services (*Id.* at 18), and the fact that Dr. Sanikop stated that the disabling condition had existed at the same level of severity since 1998, when in fact Ms. Severn was employed during many of the intervening years. (*Id.* at 23). However, the ALJ's sparse opinion addresses none of those issues, leaving this Court unable to determine whether the ALJ's analysis was in fact supported by substantial evidence.

---

[1] For example, the ALJ asserts, "She does not have an inability to function outside the area of his [sic] home." (Tr. 68). There appears to be testimony from the hearing, and notes from the medical records, that could have been marshaled in support of that conclusion. However, the ALJ does not cite to any of that potentially supporting evidence.

Case 1:11-cv-01365-SAG   Document 21   Filed 07/10/12   Page 3 of 3

*Joanne M. Severn v. Michael J. Astrue, Commissioner, Social Security Administration*
Civil No. SAG-11-1365
July 10, 2012
Page 3

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 13) and Defendant's motion for summary judgment (ECF No. 19) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

                                Sincerely yours,

                                /s/

                                Stephanie A. Gallagher
                                United States Magistrate Judge